UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-21001-CV-KING

VISHNU SADARANGANI, a/k/a VISHNU
KISHINCHAND SADARANGANI, an individual,
and PREETI VISHNU SADARANGANI, an
individual,

        Plaintiffs,

v.

BANK OF AMERICA, N.A., a national banking
association,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Complaint (DE #2), filed April 29, 2009. Plaintiffs filed their Response on May 22, 2009 (DE #9), and Defendant filed its Reply on June 12, 2009 (DE #13). Having carefully reviewed the parties' motions and legal authorities, the Court determines that the Motion should be **DENIED**.

I.    **Factual Allegations**

The Plaintiffs' complaint contains the following allegations (DE #1). The Sadaranganis have been customers of Bank of America for 20 years (¶1). In all of their dealings with the bank, the Sadaraganis dealt exclusively with the Bank of America ("BOA") employee Ricardo Figueredo, who was the Assistant Branch Manager at the Miami Beach Branch at 401 Lincoln Road (¶6). Figueredo encouraged and insisted that the Sadaranganis conduct all of their banking needs with him, to the exclusion of other employees (¶6). Figueredo solicited and ultimately gained the Sadarangani's trust by promising and purporting to deliver attentive, personalized

services, and by offering additional incentives not available to other BOA customers, such as preferred interest rates and discounted fees (¶7). Figueredo informed them that he was able to provide these services because they were loyal and valuable customers of BOA (¶7).

Figueredo then began to encourage the Sadaranganis to transfer some of their funds into specified types of accounts, telling them that they would receive a higher rate of return (¶9). For example, Figueredo convinced them to transfer $225,000 from their checking account into a BOA Certificate of Deposit (CD), promising them a 5% annual rate of return (¶10). In reliance on such representations, the Sadaranganis complied (¶10).

Subsequently, Figueredo advised the Sadaranganis that he needed to close their Checking Account because BOA was selling its security accounts to another company, and that their checking account was linked with those accounts (¶12). Figueredo purportedly opened another checking account, and simultaneously opened the Sadaranganis' savings account (¶12). Figueredo advised the Sadaranganis that they should keep only enough funds in their checking accounts to pay bills and to keep the rest of their money in their Savings Account to earn a higher interest rate (¶13). Plaintiffs allege that this was done with the purpose of preventing the Sadaranganis from scrutinizing their Savings Accounts so that Figueredo could misappropriate those funds. Figueredo then transferred $26,000 from the Sadaranganis' Savings Account without their knowledge or consent (¶13).

The Sadaranganis later learned of the unauthorized $26,000 transfer, and also learned that Figueredo had not opened a CD with $225,000 of their money, but rather had misappropriated those funds for his own use (¶16). They also learned that Figueredo had made numerous other unauthorized withdrawals, and that he had been fired from BOA. In February of 2009,

2

Figueredo plead guilty to one count of bank fraud and admitted to embezzling more than $29 million from BOA customers (¶19). This lawsuit ensued.

## II. Discussion

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Furthermore, the court must accept the complaint's allegations as true and construe them in the light most favorable to the plaintiff. *See M.T.V. v. Dekalb County Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). Finally, " 'the court limits its consideration to the pleadings and exhibits attached thereto.' " *Hugh Johnson Enters., Inc. v. City of Winter Park, Fla.*, 231 F. App'x 848, 849 (11th Cir. 2007) (quoting *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006)).

Plaintiffs are suing Defendant for civil theft and conversion to recover the money that was stolen from their accounts.[1] Here, Plaintiffs have plead facts that, under Eleventh Circuit and Florida precedent, are sufficient to survive a motion to dismiss. For instance, in *United Technologies Corp. v. Mazer*, 556 F.3d 1260 (11th Cir. 2009), the Eleventh Circuit reversed the District Court's dismissal of a claim with nearly identical facts. In *Mazer*, an employee of the defendant company with significant control authority stole proprietary information from the plaintiff company, even though his employment contract prohibited him from doing so. *Id.* at 1266-67. That employee later plead guilty to criminal theft charges. *Id.* at 1268. The plaintiff then sued the defendant company for civil theft and conversion, and the defendant moved to dismiss, arguing that the employee's actions were not within the scope of his employment. The

---

[1] Florida Statute § 772.11 (2009) provides a cause of action for treble damages against a party who commits a criminal theft offense.

3

Eleventh Circuit held that the complaint should not have been dismissed. *Id.* at 1273. The court reasoned that the complaint did not have to allege that the defendant company was in the business of stealing proprietary information or even that it was in the business of buying and selling such information. *Id.* The court also held that it was sufficient that the defendant was in a business that dealt with the kind of information stolen, and concluded that at that stage of the litigation the complaint should not have been dismissed and that should the defendant "come forward with evidence that [the employee] was in some way not acting within the scope of his . . . employment, the jury will have the chance to resolve this question of fact." *Id. See also Woods v. City of Miami*, 646 So.2d 836, 836 (Fla. 3d DCA 1994) ("Whether an employee's act was committed within the scope of his employment or in furtherance of the employer's interest generally presents a question for the jury when there are varying inferences and conclusions to be drawn."); *Canaveras v. Cont'l Group, Ltd.*, 896 So.2d 855, 858 (Fla. 3d DCA 2005) ("Where, as here, there is conflicting evidence on the issue of whether an employee is acting within the scope of employment, a jury question is presented."); *Priority Health Care Corp. v. Surajit Chaudhuri, P.A.*, 2008 WL 4459041 (M.D. Fla.) ("[T]he corporate employer of the perpetrator of a theft or conversion is vicariously liable for punitive damages or treble damages when a) the theft or conversion was committed by a managerial employee of the corporation within the scope of the latter's employment . . .") (internal citations omitted).

The facts in *Mazer* are analogous to those of the instant case. Here, Figueredo was obviously not employed to steal the customers' money. However, it is reasonable to infer that he was employed to deal with customers' accounts, suggest accounts with higher interest rates, offer special deals as incentives to keep customers' business at BOA, and access customers' accounts

4

to transfer money to ensure a high rate of return. Thus, consistent with *Mazer*, the instant complaint should not be dismissed at this stage.

Furthermore, the complaint states a cause of action based on the apparent authority doctrine. *See Moro-Romero v. Prudential-Bache Securities, Inc.*, 1991 WL 494175 (S.D. Fla. 1991) (explaining the different between "within the scope of employment" and the apparent authority doctrine). The Florida Supreme Court has adopted Section 261 of the Second Restatement of Agency, providing that:

> A principal who puts an agent in a position that enables the agent, while apparently acting within his authority, to commit a fraud upon third persons is subject to liability to such third persons for fraud. . . . A person who otherwise would be liable to another for the misrepresentations of one apparently acting for him, under the rule stated in Sec. 261, is not relieved from liability by the fact that the apparent agent acts entirely for his own purposes, unless the other has notice of this. *Industrial Ins. Co. of NJ v. First Nat'l Bank of Miami*, 57 So. 2d 23, 26 (Fla. 1952).

This principle has been confirmed in later cases. *See American Lease Plans, Inc. v. Silver Sand Co.*, 637 F.2d 311, 314 (11th Cir. 1981) (reciting Section 261 as Florida law).

Here, Plaintiffs have plead facts sufficient to show that BOA put Figueredo in a position that enabled him to have access to Plaintiffs' accounts and move Plaintiffs' money from one account to another. In the process of discharging his normal duties, Figueredo defrauded Plaintiffs, who reasonably relied on his apparent authority, by transferring their funds into one of his own accounts. *See Moro-Romero,* 1991 WL 494175 at *1 (S.D. Fla.) (holding a brokerage company liable when an employee, whose duties included investment advice and account maintenance, sold the plaintiff a worthless certificate of deposit). Thus, Plaintiffs have stated a claim under the apparent authority doctrine.

Finally, Defendant argues that Plaintiffs' claims are barred by the economic loss rule. The Court disagrees. The economic loss rule provides that when a plaintiff alleges a breach of

contract, there can be no independent tort action claiming solely economic losses flowing from the contractual breach. *See AFM Corp. v. Southern Bell Tel. & Tel.*, 515 So. 2d 180 (Fla. 1987), *abrogated on other grounds*, 891 So. 2d 532 (Fla. 2004). However, Plaintiffs have not alleged a breach of contract. In fact, Defendant alludes to the existence of a contract, but none is mentioned in the complaint or attached thereto. Moreover, the Florida Supreme Court, describing a limitation on the economic loss rule, has noted that "[i]ntentional tort claims such as fraud, conversion, intentional interference, civil theft, abuse of process, and other torts requiring proof of intent generally remain viable either in the products liability context or if the parties are in privity of contract." *Indem. Ins. Co. v. Am. Aviation, Inc.*, 891 So. 2d 532, 543 n. 3 (Fla. 2004). Further, in a case with similar facts, one Florida court held that where an escrow company unlawfully embezzled the plaintiff's money, the plaintiff had a cause of action for civil theft and conversion, even though the parties had a contract that governed the parties' relationship and the disposition of the funds. *Masvidal v. Ochoa*, 505 So. 2d 555, 556 (Fla. 3d DCA 1987). Thus, neither the purported existence of a contract nor the economic loss rule bar this action.

## III.  Conclusion

Accordingly, the Court having carefully considered the parties' motions and legal authorities and being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant's Motion to Dismiss (DE #2) be, and the same hereby is, **DENIED.**

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 20th day of July, 2009.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE

6

**Cc:**
**Attorneys for Plaintiff**
Jeffrey Allan Sudduth
Legon Ponce & Fodiman PA
1111 Brickell Avenue
Suite 2150
Miami , FL 33131
305-444-9991
Fax: 444-9937
Email: jsudduth@lpflaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Laurence Feingold
407 Lincoln Road
Suite 708
Miami Beach , FL 33139
532-6101
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Todd Alan Fodiman
Legon Ponce & Fodiman PA
1111 Brickell Avenue
Suite 2150
Miami , FL 33131
305-444-9991
Fax: 444-9937
Email: tfodiman@lpflaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Attorneys for Defendant**
Dora Faye Kaufman
Liebler, Gonzalez & Portuondo, P.A.
44 West Flagler Street
25th Floor
Miami , FL 33130
305-379-0400
Fax: 305-379-9626
Email: dfk@lgplaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

James Randolph Liebler
Liebler Gonzalez & Portuondo PA
44 W Flagler Street
25th Floor
Miami , FL 33130-4329
305-379-0400
Fax: 379-9626
Email: jrl@lgplaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED